UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY CAPLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00480-WTL-MJD |
| | ) | |
| BYRD SAMUEL Head Doctor, | ) | |
| REGINA J. ROBINSON registered nurse, | ) | |
| ANNE M. CONNER registered nurse, | ) | |
| WEXFORD corporation, | ) | |
| MARY RANKIN Department Head, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

Plaintiff Jeffery Capler, Jr., an inmate at Pendleton Correctional Facility, filed this civil action alleging that his civil rights were violated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Mr. Capler has sued Dr. Samuel Byrd, Nurse Regina Robinson, Nurse Anne M. Conner, Ms. Mary Rankin and Wexford Corporation. He alleges that the individual defendants violated his rights by denying him medication and treatment for the excruciating pain in his left shoulder, arm and hand. The lack of treatment allegedly caused nerve damage and numbness to his shoulder, arm and hand. These events occurred from December 4, 2016, through September 22, 2017. Mr. Capler seeks money damages.

Given the foregoing, the Eighth Amendment deliberate indifference claim against Dr. Samuel Byrd, Nurse Regina Robinson, Nurse Anne M. Conner, and Ms. Mary Rankin **shall proceed as submitted.**

Because Wexford Corporation acts under color of state law by contracting to perform a government function, i.e., providing medical care to inmates at Indiana Department of Correction facilities, they are treated as a government entity for purposes of 42 U.S.C. § 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford Corporation, Mr. Capler must allege that he suffered a constitutional deprivation as the result of a policy or custom of Wexford Corporation. There are no allegations in the complaint that would support such a claim.

Accordingly, claims against Wexford Corporation are **dismissed.** The **clerk is directed** to update the docket to reflect that Wexford Corporation is no longer a defendant in this action.

### III.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Dr. Samuel Byrd, (2) Nurse Regina Robinson, (3) Nurse Anne M. Conner, and (4) Ms. Mary Rankin in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/15/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Dr. Samuel Byrd – Medical Department Employee
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Nurse Regina Robinson– Medical Department Employee
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Nurse Anne M. Conner– Medical Department Employee
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Ms. Mary Rankin– Medical Department Employee
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500

Carlisle , IN 47838

JEFFERY CAPLER, JR.
149701
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Curtesy Copy to:

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN  46204-1708