UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY CAPLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00480-WTL-DLP |
| | ) | |
| BYRD SAMUEL, | ) | |
| REGINA J. ROBINSON, | ) | |
| ANNE M. CONNER, | ) | |
| MARY RANKIN, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Defendants' Motion for Summary Judgment
And Directing Further Proceedings**

Plaintiff Jeffery Capler, Jr., an Indiana prisoner, filed this civil action on October 17, 2017. Mr. Capler alleges that his Eighth Amendment rights were violated at Wabash Valley Correctional Facility. Specifically, he alleges that Dr. Samuel Byrd, Nurse Regina Robinson, Nurse Anne M. Conner, and Ms. Mary Rankin denied him medication and treatment for the excruciating pain in his left shoulder, arm, and hand. The lack of treatment allegedly caused nerve damage and numbness to his shoulder, arm and hand. These events occurred from December 4, 2016, through September 22, 2017.

The defendants now seek summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. They argue that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. That provision requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Capler argues in response that he attempted to exhaust his administrative remedies, but

prison officials did not allow him to complete the process. For the reasons explained below, there are material facts in dispute and the motion for summary judgment, Dkt. No. 28, is **denied.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Capler failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681; *see also Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

## II. Statement of Material Facts

### A. Department of Corrections' Grievance Process

On October 17, 2017, Mr. Capler filed this civil action. On October 20, 2017, he was transferred to another facility.

Mr. Capler was incarcerated at Wabash Valley Correctional Facility during the time period relevant to his Complaint. The older version of the Offender Grievance Process went into effect on April 5, 2015. The current grievance process went into effect on October 1, 2017.[1] The defendants do not point to any authority or evidence that suggests which grievance process Mr. Capler was supposed to follow.

---

[1] Mr. Capler's complaints are based on events that occurred from December 4, 2016, through September 22, 2017.

The current grievance process has three steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution; (2) a written appeal to the Warden/designee; and (3) a written appeal to the Department Grievance Manager. The prior version required the following three steps: (1) an informal attempt to solve a problem or address a concern; (2) submission of a written form outlining the problem or concern and other supporting information, and the response to that submission; and (3) a written appeal of the response to a higher authority and the response to that appeal.

The new policy made several changes to the prior version, including permitting different types of evidence showing inmate attempts to informally resolve issues before being permitted to file a formal grievance, shortening the time allowed for an inmate to file a grievance from 20 to 10 business days after the incident, and adding an intermediate appeal level with the Warden or designee. However, both the prior and current version required informal attempts to resolve an issue before filing a formal grievance. Specifically, the current IDOC policy provides that, before an inmate can begin the grievance process, he is required to attempt to resolve a complaint informally and provide evidence (e.g., "To/From" correspondence, State Form 36395, "Request for Interview") of the attempt. The prior policy required an inmate to discuss the complaint with the appropriate staff member and obtain State Form 52897, "Offender Complaint-Informal Process Level" within five business days from the date of the incident.

The current IDOC Grievance policy provides that, if an inmate is unable to resolve his complaint informally, he may file a Formal Grievance by submitting to the Grievance Specialist a completed Form 45471, "OFFENDER GRIEVANCE," no later than ten business days from the date of the incident giving rise to the complaint or concern. The facility Grievance Specialist must

either return an unacceptable form or provide a receipt for an accepted form. If an offender does not receive either a receipt or a rejected form from the Grievance Specialist within five business days of submitting it, the offender shall notify the Grievance Specialist of that fact (retaining a copy of the notice) and the Grievance Specialist must investigate the matter and respond to the offender's notification within five business days.

The prior policy provided that the inmate could submit the State Form 45471 within 20 business days from the date giving rise to the complaint or concern. The prior policy also provided that, if an inmate did not receive a receipt or rejected form from the Grievance Specialist within seven working days of submitting it, he was required to immediately notify the Grievance Specialist.

Both the prior and current IDOC Grievance policies provide that, for non-emergency grievances, the Grievance Specialist has 15 business days from the date the grievance is received to complete an investigation and provide a response to the inmate, unless the time has been extended. Both the prior and current versions also permit an inmate to appeal as though the grievance has been denied if he does not receive a response to his grievance within 20 business days.

### B. Mr. Capler's Grievance History

Teresa Littlejohn is the Grievance Specialist at Wabash Valley and is responsible for both medical and non-medical grievances filed by Wabash Valley inmates.

Attached to Mr. Capler's Complaint is a document entitled "Offender Complaint- Informal Process Level," dated September 12, 2017. (See Doc. No. 1-1 at 1). In that informal complaint, Mr. Capler complained that he had been submitting medical requests for his shoulder, arm, and

hand and had performed the exercises given to him, but nothing was being done. In response on September 29, 2017, Regenia Robinson wrote, "Seen by MD on 9-22-17. Xray completed – no abnormalities. See attached." On September 30, 2017, Mr. Capler checked the box on the bottom of the form marking that he disagreed with the informal resolution response.

On October 1, 2017, the current offender grievance process went into effect.

On October 10, 2017, Mr. Capler wrote to Ms. Littlejohn and stated that he filed an informal grievance on September 12, 2017, and got a response on September 29, 2017, and sent it back in on September 30, 2017, but he has not received the next step which is the formal grievance form. He requested the next step. See Dkt. No. 42.

### III. Discussion

The defendants argue that they are entitled to judgment as a matter of law because Mr. Capler failed to exhaust his administrative remedies regarding his allegations against them. The defendants argue that Mr. Capler could have filed grievances under either the prior or current version of the grievance process but he failed to do so. Mr. Capler, however, has provided testimony which supports his claim that he did all he could to file a grievance.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Mr. Capler

as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system.

Although there is no dispute that Mr. Capler did not file a formal grievance related to his medical care, there is a material fact in dispute regarding whether Mr. Capler received the form he needed to file a formal grievance. Mr. Capler was required to properly use all the steps that the prison sets forth. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Prison officials, however, were required to participate in the process. It is far from clear that the prison officials knew (or even know now) what grievance process was relevant and it is disputed whether they met their obligations under either version.

The facts taken in the light most favorable to Mr. Capler reflect that the administrative process was unavailable to him. The Supreme Court has explained that an administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). In *Hill v. Snyder*, 817 F.3d 1037, 1041 (2016), the Seventh Circuit held that if an inmate requests a grievance from a staff member who, pursuant to the grievance policy is required to provide one upon request, and the request is denied, the inmate need not ask other staff members for a grievance form in order for remedies to be "unavailable."

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858. Accordingly, the motion for summary judgment, Dkt. No. 28 is **denied.**

7

## IV. Further Proceedings

The defendants shall have **through June 20, 2018,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date: 6/6/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFERY CAPLER, JR.
149701
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com